UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| WALLACE TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al*., <br><br> Defendants. | Civil Action No. 14-CV-167-KKC <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Wallace Taylor is an inmate confined by the Bureau of Prisons ("BOP") in the Forrest City Low Federal Correctional Institution ("FCI") located in Forrest City, Arkansas.[1] Taylor has filed a *pro se* civil rights complaint, and an amended complaint, alleging violations of his federal constitutional rights under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[2] By separate Order, Taylor has been granted *in forma pauperis* status.

The Court has conducted a preliminary review of Taylor's complaint because he asserts claims against government officials and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Taylor is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56

---

[1] In two prior orders [R. 2 and R. 4] the Court incorrectly stated that the Forrest City Low Federal Correctional Institution is located in Forrest City, Arizona. By letter dated September 3, 2014 [R. 6], Taylor correctly clarifies that the Forrest City Low Federal Correctional Institution is located in Forrest City, *Arkansas*, not Arizona.

[2] Taylor's constitutional claims arise from events which allegedly occurred on April 26, 2013, while he was confined in the FCI-Manchester, located in Manchester, Kentucky.

(2007). For the reasons set forth below, however, the Court determines that Taylor has not alleged any valid constitutional claims, and that his complaint must be dismissed.

## ALLEGATIONS OF THE COMPLAINT

Taylor states that on April 26, 2013, he was working at the UNICOR[3] facility at FCI-Manchester, and that Defendant "N." Hacker was his UNICOR supervisor, as well as a Correctional Officer at the prison. Taylor alleges that on that date, Hacker asked him why his productivity had decreased; that he responded that because a change in the production order had occurred, another inmate had to take additional steps in the sewing process; and that upon hearing his explanation, Hacker stated that she would move him (Taylor) over to the other sewing machine. Taylor claims that when he explained that he was not qualified to operate the other machine, Hacker then stated, "I can teach a monkey to do anything." [R. 1, p. 7] Taylor then asked Hacker if she was calling him a monkey, and Hacker allegedly responded, "What I mean is that I can teach a Monkey to operate that machine." [*Id.*] Taylor alleges that he then said to Hacker, "That may be so but I am not a Monkey." [*Id.*] Taylor alleges that "This encounter was witnessed by at least two (2) other inmates named Clark (last three 032) and Black." [*Id.*]

Taylor filed a series of administrative grievances alleging that Hacker's comments amounted to racial discrimination against him. In his BP-9 "Request for Administrative Remedy," Taylor asked that Hacker's position be terminated; that he be given 30 days off without pay; and that he be moved to a different time in his UNICOR position. [R. 1-1, p. 1]

---

[3] The BOP has established a work program, through which certain qualified federal inmates are allowed the opportunity to participate in prison work programs. 28 C.F.R. § 345.10. The program is known as the Federal Prison Industries, Inc. ("FPI"), and is a government corporation organizationally within the BOP whose mission is to provide work simulation programs and training opportunities for inmates confined in federal correctional facilities. See 28 C.F.R. § 345.11(a). The commercial or "trade" name of the FPI is UNICOR. Most FPI factories or shops are commonly referred to as "UNICOR."

Karen Edenfield, then the Warden of FCI-Manchester, responded that Taylor's claims would be reviewed and properly addressed. [*Id*., p. 3] Taylor appealed, but his appeals were rejected at both of the higher administrative levels. [*Id*., p. 5 (denial of the BOP Regional Director, 7/12/13); and p. 7 (denial of the Administrator of the BOP National Inmate Appeals, 11/6/13)] In denying Taylor's second appeal, the BOP's Mid-Atlantic Regional Director stated, "Your allegation that staff spoke to you in a disrespectful manner was reviewed by the Special Investigative Agent and found to be without merit. You do not provide, nor do we find, any evidence of unprofessional conduct by staff." [*Id*., p. 5]

In his *Bivens* complaint, Taylor alleges that Hacker's verbal comments on April 26, 2013, violated his rights guaranteed under the First, Fifth, Eighth, and Ninth Amendments of the U.S. Constitution. [R. 1, p. 3] Taylor seeks $5 million in compensatory damages; $5 million in punitive damages; and $5 million to compensate him for mental anguish. [*Id*., p. 8] Taylor also demands unspecified injunctive relief. [*Id*., p. 1]

## DISCUSSION

Taylor alleges that Hacker's comments to him on April 26, 2013, constituted racial discrimination, and entitle him to recover monetary damages under the Eighth Amendment of the U.S. Constitution, which forbids cruel and unusual punishment. In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Even so, verbal abuse, harassment, arbitrariness, and racist comments, without more, do not constitute cruel and unusual punishment, *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam), and "[t]he use of racially derogatory language, while unprofessional and

3

deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *see also see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.")[4]; *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding "harassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Jackson v. Hopkins Cnty. Det. Ctr.*, No. 4:12CV-P82-M, 2012 WL 5472024, at *6 ("[W]hile reprehensible and not condoned, racial epithets and verbal abuse alone are insufficient to state a constitutional violation under § 1983."). Thus, Hacker's alleged verbal comments to Taylor, even if true, cannot form the basis of a valid Eighth Amendment claim

Furthermore, while Taylor states that he complained to Edenfield about the allegedly racist comments made to him, liability under 42 U.S.C. § 1983, and/or *Bivens*, its federal corollary, must be based on active unconstitutional behavior and cannot be based upon a mere failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Taylor next claims that Hacker's alleged verbal comments to him on April 26, 2013, caused him to suffer emotional distress and/or mental anguish, but that allegation also fails to state a claim upon which relief can be granted. Federal law prevents inmates from asserting claims of emotional distress absent some type of accompanying physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of

---

[4] The corollary to a *Bivens* claim against a federal official would be a claim against a state official under 42 U.S.C. § 1983. A plaintiff alleging that a federal official violated his federal rights would proceed under *Bivens*; a plaintiff alleging that state official violated his federal rights would proceed under § 1983.

physical injury." 42 U.S.C. § 1997e(e). *See also Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1999) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) ("[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case"); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). Taylor does not allege that he sustained any type of physical injury in connection with Hacker's alleged verbal statements to him, and the loss of a prison job is not the equivalent of a physical injury. Therefore, Taylor's claims alleging emotional distress must be dismissed as frivolous.

Next, Taylor seeks monetary damages from the United States and the BOP, based upon Hacker's alleged comments to him, but the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Court finds that the United States has not waived its sovereign immunity for suits for damages based on claims that its employees' conduct violated the Constitution. *See generally*, *F.D.I.C. v Meyer*, 510 U.S. 471, 483–86 (1994) (holding that a *Bivens*-style cause of action did not extend to agencies of the federal government)); *Humphrey v. U.S. Probation Dept.*, 221 F.3d 1334, 2000 WL 876773, at *2 (6th Cir. June 23, 2000) (finding that a *Bivens* suit will not lie against federal agencies, the United States itself, or federal officials sued only in their official capacity); *Warren v. Bureau of Prisons*, No. 3:07CV-505-S, 2008 WL 1743499, at *2 (W.D.Ky. Apr. 11, 2008) ("[A] *Bivens* cause of action is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself."). Thus, to the extent Taylor seeks monetary damages from the United States and the BOP based on Hacker's allegedly

5

unconstitutional conduct, his money damages claim against those entities is barred by the sovereign immunity of the United States.

Finally, to the extent that Taylor alleges that Hacker's alleged verbal comments to him violate his rights guaranteed under the First, Fifth, and Ninth Amendments of the U.S. Constitution, he again fails to state a claim for relief. The Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").

The Eighth Amendment is the proper vehicle through which Taylor must challenge Hacker's alleged verbal comments, but as discussed above, verbal comments from prison officials, even if derogatory and racially motivated, do not qualify as violations of the Eighth Amendment's prohibition against cruel and unusual punishment. Thus, any broadly worded claims which Taylor asserts under the First, Fifth, and Ninth Amendments of the U.S. Constitution lack merit and must be dismissed. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (finding that the viability of the prisoner's claim challenging his medical care under the Eighth Amendment foreclosed the availability of substantive due process claim); *Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (holding that the prisoner's

retaliation claim was squarely covered by First Amendment, thereby precluding a due process claim under Fourteenth Amendment).

For these reasons, Taylor's *Bivens* complaint fails to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). The complaint will be dismissed with prejudice, and judgment will be entered in favor of the named defendants.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff Wallace Taylor's 28 U.S.C. § 1331 civil rights complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

(2) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants: (a) the United States of America; (b) the Federal Bureau of Prisons; (c) Warden Karen Edenfield, former Warden of FCI-Manchester; and (d) "N." Hacker, Correctional Officer, and UNICOR supervisor at FCI-Manchester.

This September 25, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY